# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIAMI METALS I, INC., *et al.*[1] | ) | Case No. 18-13359 (shl) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION
(I) TO ENFORCE AUTOMATIC STAY AGAINST FUNDACION RAFAEL DONDE
I.A.P., (II) TO HOLD FUNDACION RAFAEL DONDE I.A.P. IN CONTEMPT OF
COURT, (III) FOR AN AWARD OF SANCTIONS AGAINST FUNDACION
<u>RAFAEL DONDE I.A.P., AND (IV) FOR RELATED RELIEF</u>**

This cause is before the Court upon (i) the motion (the "<u>Motion</u>")[2] [ECF No. 1003] of Miami Metals I, Inc., *et al.*, as debtors and debtors-in-possession (collectively the "<u>Debtors</u>") in the above-captioned Chapter 11 cases (the "<u>Chapter 11 Cases</u>"), for entry of an Order, pursuant to sections 105(a) and 362 of the Bankruptcy Code and Rules 9014 and 9020 of the Bankruptcy Rules, (a) enforcing the automatic stay against Fundación Rafael Dondé, I.A.P. (the "<u>Foundation</u>"); (b) holding the Foundation in contempt of Court for its violations of the automatic stay and the Court's Uniform Procedures Order; and (c) awarding the Debtors monetary sanctions against the Foundation; (ii) the Foundation's Objection to the Motion [ECF No. 1035] (the "<u>Foundation's Objection</u>") and supporting Declarations [ECF Nos. 1033, 1034,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

[2] All capitalized terms not defined herein shall have the definitions set forth in the Motion.

49040132;5

and 1037]; (iii) the Debtors' Reply to the Foundation's Objection [ECF No. 1073] and supporting Declaration [ECF No. 1072]; and (iv) the Foundation's *Ex Parte* Motion for Entry of an Order Granting Leave to File the Sur-Reply and Supplemental Declaration [ECF No. 1082] (the "Motion for Leave to File Sur-Reply") and the Debtors' Objection thereto [ECF No. 1085]. The Court having considered the Motion, the Foundation's Objection, all referenced Declarations, and the Motion for Leave to File Sur-Reply and exhibits thereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; and upon all of the proceedings had before the Court, including the Court's oral ruling on May 30, 2019 (the "Ruling") [ECF No. 1146]; and after due deliberation and cause appearing;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth in the Ruling.

2. The Motion for Leave to File Sur-Reply is **DENIED** as set forth in the Ruling.

3. The Foundation is prohibited from taking any further action that could be construed, consistent with the Ruling, as an effort to advance the Foundation's claims against the Debtors or to obtain possession of or exercise control over any disputed property that is the subject of the Bankruptcy Court's jurisdiction, ***including prosecution of the*** ~~The Foundation is ordered to immediately take all actions necessary to end the~~ criminal proceedings resulting from the Criminal Complaint filed against Jason Rubin, Joseph Liberman, and RTMM.

49040132;5

4. Any actions taken by the Foundation in violation of the automatic stay are null and void and of no effect.

5. The Foundation is further ordered to pay Debtors' reasonable costs incurred in filing and prosecuting the Motion in the amount of $37,768.

6. The Court reserves jurisdiction to impose additional monetary sanctions and/or issue any order of contempt at a later date.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

8. This Order shall be effective immediately upon entry by the Court.

Dated: New York, New York
      June 28, 2019

                                  */s/ Sean H. Lane*
                                  HONORABLE SEAN H. LANE
                                  UNITED STATES BANKRUPTCY JUDGE